■ FRANCES COLLINS, Respondent, v GERARD J. COLLINS, Appellant.—In a matrimonial action in which the plaintiff was granted a divorce, defendant husband appeals from so much of an order of the Supreme Court, Nassau County, entered May 22, 1979, as directed him to pay the sum of $1,840 to plaintiff, representing arrears in child support, and $1,000 in counsel fees. Order affirmed insofar as appealed from, with $50 costs and disbursements. The principal issue is whether the parties' minor daughter (currently aged 19) forfeited her right to receive parental support after June 27, 1977. Defendant contends that she did by virtue of her acts of intransigence, and/or by emancipating herself from subjection to parental control by said acts. We agree with the finding of Trial Term that the minor did not forfeit her right to parental support after June, 1977, and that she did not effect her emancipation prior to her retention of gainful employment on November 1, 1978. Although she did leave the custodial parent's home for intermittent periods between June, 1977 and October, 1978, such departures cannot be characterized as a minor's voluntary and unjustified abandonment of the parental home to seek her fortune in the world. Rather than constituting a

clearheaded and cavalier assertion of independence, sufficient to annul the parental support obligation, the behavior of the parties' daughter appears to be more in the nature of a "disturbed, disoriented and searching child," who consistently, between sojourns, sought sanctuary in her mother's home. As such, Trial Term correctly held defendant responsible for arrears in his child support obligation for the period from June 27, 1977 to October 31, 1978. Damiani, J. P., Gulotta, Margett and Weinstein, JJ., concur.